1    ALEXANDER B. TRUEBLOOD (State Bar No. 150897)
     TRUEBLOOD LAW FIRM
2    10940 Wilshire Blvd., Suite 1600
     Los Angeles, California 90024
3    Telephone: (310) 443-4139
     Facsimile: (310) 943-2255
4
     Attorneys for Plaintiff
5    KAREN WATTS

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10   KAREN WATTS,                          CASE NO.:  15-CV-2086

11          Plaintiff,                     **COMPLAINT FOR:**

12      vs.                                **(1) VIOLATIONS OF THE FAIR
                                                DEBT COLLECTION
13   ATLANTIC RECOVERY                          PRACTICES ACT**
     SOLUTIONS, LLC dba ARS &
14   ASSOCIATES, and DOES 1 through        **(2) VIOLATIONS OF THE
     10, inclusive,                             ROSENTHAL FAIR DEBT
15                                              COLLECTION PRACTICES ACT**
            Defendants.
16                                         **(3) INTENTIONAL INFLICTION OF
                                                EMOTIONAL DISTRESS**
17

18

19

20

21

22

23

24

25

26

27

28

                                  - 1 -

Plaintiff Karen Watts hereby alleges the following against defendants Atlantic Recovery Solutions, LLC dba ARS & Associates ("ARS"), and Does 1 through 10:

## OPERATIVE FACTS

1.      Plaintiff allegedly owed a balance on a Home Depot revolving credit account which plaintiff used primarily for personal, family, and household items. The original creditor hired defendant ARS as its agent to collect on the alleged debt.

2.      Kylee Morris, an employee of ARS, called plaintiff's niece and sister, and stated that a "petition" had been filed against plaintiff, consisting of a breach of contract and a pending civil claim.  The message asked the recipients to have plaintiff or her attorney call Morris so she could further explain the details of the "case" against plaintiff, and left a "case number." Defendant Morris did not state that the communications were from a debt collector.

3.      Defendant Morris, acting on behalf of ARS, also called plaintiff and left a message nearly identical to the messages left with plaintiff's niece and sister. She did not state that that the communication was from a debt collector.

4.      In fact, ARS had not filed a lawsuit against plaintiff, and the case number Morris left with all the recipients was phony.

5.      Plaintiff was extremely distressed by these phone calls, and the fact that ARS had disclosed her debt to family members.  Plaintiff was already under great stress due to the death of her brother in the same time frame.

6.      Plaintiff spoke with ARS, informed it that she was filing for bankruptcy, that she was represented by counsel, and the contact information of her attorney. ARS was under a duty to hang up and speak only with plaintiff's attorney at this point, but continued to harangue plaintiff to pay the debt, threatening that ARS would sue plaintiff unless her attorney called within a week.  ARS had no intent to sue, and in fact never sued.

1

## JURISDICTION AND VENUE

2       7.     The court has original jurisdiction over this matter pursuant to 15 U.S.C.

3    § 1692k(d).  The court has supplemental jurisdiction over plaintiff's state law claims

4    pursuant to 28 U.S.C. § 1367(a).

5       8.     Venue is proper in the Central District of California because a

6    substantial part of the events or omissions giving rise to the claim occurred in this

7    district.  In addition, defendants have sufficient contacts in this district to subject

8    them to personal jurisdiction here.

9

## PARTIES

10       9.     Plaintiff Karen Watts is a California citizen, and a resident of the county

11    of Los Angeles, and is over 18 years of age.

12       10.    Defendant Atlantic Recovery Solutions, LLC is a New York limited

13    liability company.

14       11.    Defendants Does 1 through 10 are persons or entities whose true names

15    and capacities are presently unknown to plaintiff, and who therefore are sued by such

16    fictitious names. Each of the fictitiously named defendants perpetrated some or all of

17    the wrongful acts alleged herein, is responsible in some manner for the matters

18    alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave

19    of court to amend this complaint to state the true names and capacities of such

20    fictitiously named defendants when ascertained.

21       12.    Each of the defendants were the agents and/or employees of each other

22    and were acting in the course and scope of their agency, employment and authority

23    and with the permission and consent of their co-defendants in committing the acts

24    alleged.  The defendants are jointly and severally liable to plaintiff.

25

## FIRST CAUSE OF ACTION
**(By Plaintiff Against All Defendants For Violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq)**

26

27       13.    Plaintiff realleges and incorporates herein by reference the allegations of

28    each and every paragraph above.

14. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendants violated 15 U.S.C. § 1692c(a)(2) by communicating with plaintiff after learning that she was represented by an attorney.

16. Defendants violated 15 U.S.C. § 1692c(b) and 1692b by communicating with plaintiff's family members without plaintiff's consent, and disclosing that plaintiff owed a debt.

17. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

18. Defendants violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

19. Defendants violated 15 U.S.C. § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20. Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose in a communication that the communication was from a debt collector.

21. Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

22. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

23.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**(By Plaintiff Against All Defendants for Violations of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.)**

24.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

25.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

26.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction.

27.     Defendants are "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing from a natural person to another person by reason of a consumer credit transaction.

28.     Defendants violated Civil Code § 1788.12(b) by communicating information regarding a consumer debt to members of plaintiff's family.

29.     Defendants violated Civil Code § 1788.13(j) by the false representation that a legal proceeding had been, is about to be, or will be instituted unless payment of a consumer debt is made.

COMPLAINT

30. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff in connection with the collection of an alleged debt.

31. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by making false or misleading misrepresentations.

32. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof.

33. Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

34. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

35. Plaintiff is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION

**(By Plaintiff Against All Defendants for Intentional Infliction of Emotional Distress)**

36. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

37. Defendants engaged in extreme, outrageous and unreasonable acts with respect to plaintiff, with a willful intent to injure plaintiff.  These acts went beyond the bounds of decency expected in a civilized society.

COMPLAINT

38.     Defendants intended to cause plaintiff to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress.

39.     As a direct and proximate result of defendants' outrageous conduct, plaintiff suffered severe mental distress, mental suffering, and/or mental anguish, including nervousness, trembling, crying, embarrassment, anxiety, worry, humiliation, and indignity.

40.     As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

41.     Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1.     For actual damages;

2.     For statutory damages;

3.     For punitive damages;

4.     For pre-judgment interest to the extent permitted by law;

5.     For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6.     For such other and further relief as the Court may deem just and proper.

1

## **DEMAND FOR JURY TRIAL**

2
        Plaintiff hereby demands a trial by jury under the United States Constitution.

3

4
Dated: March 20, 2015                    TRUEBLOOD LAW FIRM

5

6
                                                    /s/
                                         Alexander. B. Trueblood

7
                                         Attorneys for Plaintiff
                                         KAREN WATTS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT